**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TAMMY L. GRINNELL<br>JAMES T. GRINNELL<br>Plaintiffs,<br><br>v.<br><br>NEW CENTURY MORTGAGE CORPORATION<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | [redacted] 06 109 T<br>C.A. |

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against New Century Mortgage Corporation (*hereinafter* "New Century") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 (interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Rhode Island and seek rescission of a $148,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Rhode Island.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiffs, Tammy L. Grinnell and James T. Grinnell are joint owners of and reside at the property located at 41Langdon Avenue, Pawtucket, RI 02861.

5. Defendant, New Century is a National corporation with its principle place of business at 18400 Von Karman Ave., Suite 1000, Irvine, CA 92612.

6. New Century enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about March 11, 20003, Plaintiffs, Tammy L. Grinnell and James T. Grinnell obtained a loan from New Century, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff, Tammy L. Grinnell received only one copy of a right to cancel form. A copy of which is attached hereto as Exhibit A.

11. Though the Plaintiff, James T. Grinnell was a joint owner of the subject property and granted New Century a security interest in his residence, he did not receive any of the material disclosures regarding TILA.

12. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

13. Plaintiff , Tammy L. Grinnell did not receive the appropriate number of copies of her right to cancel in violation of TILA.

14. Plaintiff, James T. Grinnell did not receive any of the material disclosures in violation of TILA.

15. On or about October 22, 2004 Plaintiffs, Tammy L. Grinnell and James T. Grinnell exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to New Century Mortgage Corp. Copy of the notice is attached as Exhibit B.

16. New Century has failed to honor the Plaintiffs' request to rescind the loan.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

17. Plaintiffs incorporate ¶¶ 1-16 as if fully set out herein.

18. By failing to provide the appropriate number of Notice of Right to Cancel forms at the closing, New Century failed to give Plaintiff, Tammy L. Grinnell clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, she

is entitled to rescind the mortgage.

19. By failing to provide material disclosures at the closing, New Century failed to give Plaintiff, James T. Grinnell clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, he is entitled to rescind the mortgage.

20. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant New Century as follows:

1. A declaration that Plaintiffs are entitled to rescind their mortgage;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, BBO# 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre