**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TAMMY L. GRINNELL**<br>**JAMES T. GRINNELL**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NEW CENTURY MORTGAGE CORPORATION**<br><br>**Defendants.** | **C.A. NO. 06 109t** |

**ANSWER OF NEW CENTURY MORTGAGE CORPORATION TO PLAINTIFF'S COMPLAINT**

Now comes New Century Mortgage Corporation (hereinafter "New Century") and answers the complaint as follows:

**INTRODUCTION**

1. This is an introductory paragraph to which no response is required.

**JURISDICTION AND VENUE**

2. Admitted.

3. Admitted.

**PARTIES**

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. New Century admits that it is a mortgage lender but denies the remaining allegations of Paragraph 8.

3

## FACTS

9. New Century admits that the loan was secured by the residence, and believes that all of the proceeds were used for personal, family, or household purposes.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. New Century admits that the Plaintiffs are attempting to rescind by letter dated October 22, 2004

16. New Century denies that the Plaintiff has the right to rescind.

## COUNT 1

## TRUTH IN LENDING ACT VIOLATIONS

17. Denied.

18. Denied

19. Denied.

20. The provisions of 15 U.S.C.§1635 (g) speaks for itself.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action.

THIRD AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficiency of process.

FOURTH AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficiency of service of process.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's delay in commencing suit is inexcusable and has resulted in prejudice to New Century so substantial that the doctrine of laches bars its claims.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata.*

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *collateral estoppel.*

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

TENTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages, which are denied, then those damages were caused by a person or persons for whose actions New Century cannot be held liable.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of consideration.

TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

THIRTEENTH AFFIRMATIVE DEFENSE

New Century and Wilshire adopt such other defenses raised by any other defendant as may be applicable.

FOURTEENTH AFFIRMATIVE DEFENSE

New Century reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

**WHEREFORE,** Defendant, New Century Mortgage Corporation request that this Court:

1. Deny Plaintiff's request for judgment;
2. Award Defendants, New Century Mortgage Corporation its costs of defense, including its attorney's fees; and
3. Award Defendants, New Century Mortgage Corporation such further relief as the Court may deem just and equitable.

**NEW CENTURY MORTGAGE CORPORATION**
By its Attorney,

David M. Rosen
BBO#: 552866
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

April 4 , 2006

## CERTIFICATE OF SERVICE

I, David M. Rosen, hereby certify that true copies of the Notice of Apperance and New Century Mortgage Corporation's Answer to Plaintiff's Complaint was served on April 4 , 2006 by mailing via first class mail, postage prepaid, to:

Christopher M. Lefebrvre, Esq.
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862

David M. Rosen